IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GORDON McMAIN,                                    2:13-cv-01632-HU

         Plaintiff,                                    ORDER
  v.

COLLETTE PETERS, et al.,

         Defendants.

MOSMAN, Judge

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is plaintiff's motion for preliminary injunction.

### BACKGROUND

Plaintiff alleges that defendants have denied him adequate medical treatment for back pain and low testosterone. In a filing captioned "Status of Case," plaintiff informs the court that he now has been scheduled for back surgery. However, he seeks injunctive relief to compel "ODOC and its staff" to treat him with

1 - ORDER

"Testosterone Cyplianate to a males average for his age (650 ng/ml)."

In his Complaint and "Status of Case," plaintiff makes the following allegations:

(1) prior to being taken into the custody of the Oregon Department of Corrections (ODOC) he was receiving testosterone injections;

(2) Dr. Elliot-Blakeslee, a physician at SRCI, told plaintiff that the ODOC does not provide testosterone injections unless a prisoner suffers from Klinefelter's Disease;

(3) based upon blood tests, Dr. Elliot-Blakeslee concluded that plaintiff does not suffer from Klinefelter's Disease;

(4) plaintiff believes the test results support a diagnosis of Klinefelter's Disease and, in any event, more definitive tests are available;

(5) Dr. Kenneth Little, the physician who ordered plaintiff's back surgery, made the notation in plaintiff's medical chart "Endocrine work up and treatment as indicated;" and

(6) there is a correlation between low testosterone and arthritis and other conditions of which plaintiff suffers.

Additionally, plaintiff alleges that Dr. Clarke opined that low testosterone may be contributing to plaintiff's mood disorder, and that he would benefit from testosterone injections. However, the Therapeutic Level of Care (TLC) Committee concluded otherwise, noting that testosterone is of questionable value in treating a generalized anxiety disorder and is not medically necessary.

///

2 - ORDER

**DISCUSSION**

I.  **Personal Jurisdiction over Defendants.**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." <u>Zepeda v. INS</u>, 753 F.2d 719, 727 (9th Cir. 1985).  An injunction only binds "the parties to the action, their officers agents, servants, employees, and those persons in active concert or participation with them."  <u>Id.</u>; Fed. R. Civ. P. 65(d)(2).

This action was filed on or about September 10, 2013.  On October 31, 2013, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to defendants.  Defendants waiver of service is due November 31, 2013, after which time defendants shall have 21 days in which to file their answer.  <u>See</u> Request for Waiver of Service (#9); Fed. R. Civ. P. 12(a)(1)(A)(I).  Consequently, this court does not yet have personal jurisdiction over the defendants.

II. **Propriety of Injunctive Relief.**

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tip in his favor; and (4) an injunction is in the public interest.  <u>Winter v. Natural Res. Def. Council, Inc.</u>,

3 - ORDER

555 U.S. 7, 20 (2008); Assoc. des Eleveurs de Canards et d'oies du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir. 2013). Under the Ninth Circuit's sliding scale approach, injunctive relief may be granted when there are serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, provided that the other two elements of the test are also met. Assoc. des Eleveurs de Canards et d'oies du Quebec, 729 F.3d at 944; Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Where, as here, plaintiff seeks a mandatory injunction which goes beyond maintaining the *status quo*, he must demonstrate that the facts and law clearly favor an injunction. Working Wash. v. Cent. Puget Sound Reg'l. Transit, 2013 WL 3487561 (9th Cir. July 12, 2013) (unpublished); Stanley v. Univ. of S. Calif., 13 F.3d 1313, 1319-20 (9th Cir. 1994).

In order to prevail on an Eighth Amendment claim for the denial of adequate medical care, plaintiff must prove that defendants were deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-105 (1976); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). In light of the TLC Committee's conclusion that testosterone injection are not medically necessary, plaintiff must prove that the denial of testosterone injections is medically unacceptable under the circumstances, and that defendants made this medical decision in

4 - ORDER

conscious disregard of an excessive risk to plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

I conclude that plaintiff has failed to demonstrate a likelihood of success on the merits, or that there are serious questions going to the merits. At this juncture, it appears more likely that there is *a mere difference of opinion* between plaintiff and defendants as to: (1) the proper course of treatment, if any, for plaintiff's low testosterone; (2) whether he suffers from Klinefelter's Disease; and (3) whether plaintiff suffers from any other serious medical or mental condition for which testosterone injections should be prescribed.[1] A mere difference of opinion between plaintiff and defendants as to the proper course of treatment does not rise to the level of deliberate indifference. Jackson, 90 F.3d at 332.

Moreover, plaintiff has failed to demonstrate he is likely to suffer irreparable harm in the absence of injunctive relief, given the dispute as to whether testosterone injections are medically necessary except to treat Klinefelter's Disease. At the very

---

[1] Plaintiff similarly has failed to demonstrate a likelihood of success or that there are serious questions going to the merits of an equal protection claim premised upon his assertion that he is similarly situated to prisoners suffering from Klinefelter's Disease. See Towery v. Brewer, 672 F.3d 650 (9th Cir. 2012) (class-of-one equal protection doctrine does not apply to forms of state action that by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments).

5 - ORDER

least, plaintiff has failed to demonstrate that the facts and law clearly support a *mandatory* injunction requiring defendants to institute testosterone injections.

## CONCLUSION

Based on the foregoing, plaintiff's motion for a preliminary injunction (#13) is DENIED.

IT IS SO ORDERED.

DATED this  3rd  day of December, 2013.

                                            /s/Michael W. Mosman
                                            Michael W. Mosman
                                            United States District Judge