UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GORDON MCMAIN,

             Plaintiff,            2:13-cv-01632-AA

             v.                  ORDER

COLLETTE PETERS,
et al.,

             Defendants.

Aiken, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed a complaint under 42 U.S.C. alleging that defendants have violated his Eight and Fourteenth Amendment rights by failing to provide him with medication that were prescribed to him before he entered into ODOC custody. Plaintiff seeks declaratory and injunctive relief. Complaint (#2) p. 1.

    Defendants filed an "Unenumerated Rule 12(b) Motion to

Dismiss" (#55) on the ground that plaintiff did not exhaust his administrative remedies before filing this action.  By Order (#61) entered April 11, 2014, defendants' motion to dismiss was construed as a motion for summer judgment pursuant to the Ninth Circuit Court of Appeals decision in <u>Albino v. Baca</u>, 2014 WL 1317141 (9th Cir. April 3, 2014).  Although plaintiff had filed a response (#79) including an affidavit and exhibits (#80) to defendants' motion to dismiss, on August 19, 2014, plaintiff was sent a Summary Judgment Advice Order (#84). Plaintiff has not filed any supplemental material.

The Prison Litigation Reform Act requires that prisoners exhaust available administrative remedies before bringing a federal action concerning prison conditions.  <u>Griffin v. Arpaio</u>, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  Inmates are required to exhaust *all* grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003); <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198 (9th Cir. 2002).  Moreover, "the PLRA exhaustion requirement requires proper exhaustion."  <u>Woodford v. Ngo</u>, 548 U.S. 81, 93 (2006).  This means that a prisoner must "complete the administrative review process in accordance with the applicable procedural rules,

including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting *Woodford*, 548 U.S. at 88).

"If the District Court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d at 1120.

The ODOC has a three level grievance and appeal remedy process in place to address inmate complaints and plaintiff had administrative remedies available to address each of the claims raised in this proceeding. Declaration of James A. Taylor (#56) ¶¶ 5-9. Inmates are informed of the processes for filing a grievance during admission and orientation to the facility where they are housed.  In addition the grievance process is explained in the Inmate Handbook, which is given to each inmate. *Id*.

The facts giving rise to plaintiff's claims are as follows. Plaintiff alleges that he is entitled to testosterone injections because they were prescribed to him before he came into ODOC custody and that defendants have refused to provide him with such treatment because he does not have Klinefelters Disease. Plaintiff further alleges that defendants acted negligently by refusing perform further tests to determine whether he has Klinefelter's Disease. Plaintiff alleges that

as a result of defendants' conduct the has suffered from chronic lower back pain.

Plaintiff's complaint can be construed as alleging two claims for relief.   Plaintiff alleges in claim one that defendants' "deliberate indifference to medical needs" constituted cruel and unusual punishment under the Eighth Amendment. Complaint #2) p. 12.   Plaintiff alleges as claim two that "defendants Shelton and Blakeslee have violated the Equal Protection Clause of the 14th Amendment of the U.S. Constitution, by denying the Plaintiff Gordon McMain Hormone Replacement (testosterone Injections) on the premise that he 'does not have Klinfelter's Disease.'" Complaint (#2) p. 13.

The record reflects that plaintiff filed three grievances regarding the issues he alleges in his first claim for relief. However, plaintiff failed properly exhaust his administrative remedies as to those claims because he did not comply with the applicable procedural rules regarding the filing of those grievances and did not file appeals of those grievances once they had been denied. Declaration of James A. Taylor (#56) ¶¶12-13, 14-16, 18-19.

Plaintiff did not file any grievances concerning the allegations in his claim two that defendants violated his Equal Protection rights under the Fourteenth Amendment.   *Id*.

Moreover, plaintiff has never filed any grievance against

defendants Jason Bell, Collette Peters, Dr. Steve Shelton, Renee Smith, or James A Taylor, the persons he has named as defendants in this proceeding.

Based on the foregoing I find that plaintiff has not properly exhausted his administrative remedies with respect to his claims in this proceeding. Therefore, defendants' Motion to Dismiss (55) construed as a motion for summary judgment is allowed. Plaintiff's claims are dismissed without prejudice,. Defendants' Motion to stay discovery (#57) and plaintiff's Motion (#38) are denied as moot.  The Clerk of the Court is directed to enter a judgment dismissing this action.

*Any appeal from this order or judgment dismissing this case would be frivolous and not taken in good faith. Therefore, plaintiff's* in forma pauperis *status is revoked.*

IT IS SO ORDERED

DATED this 2ND day of March, 2015.

_____
Ann Aiken
United States District Judge