UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

GORDON MCMAIN,

    Plaintiff,

v.

COLLETTE PETERS; DR. SHELTON;
DR. ELLIOT-BLAKESLEE; J. BELL;
J. TAYLOR; R. SMITH,

    Defendants.

Case No. 2:13-cv-01632-AA

OPINION AND ORDER

AIKEN, District Judge:

Plaintiff, a former inmate at the Snake River Correctional Institution, filed suit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs and denial of his rights to equal protection under the law. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on all claims. For the reasons set forth below, defendants' motion is granted, in part.

## BACKGROUND

Plaintiff is a former inmate who was confined at the Snake River Correctional Institution (SRCI) in Ontario. During the relevant time period, Colette Peters was the Director of the

1 — OPINION AND ORDER

Oregon Department of Corrections (ODOC), Steven Shelton, M.D., was the ODOC Medical Director, J. Elliott-Blakeslee was a physician assigned to SRCI, Jason Bell was the Assistant Superintendent of SRCI, and James Taylor was an ODOC Grievance Coordinator.[1]

On September 16, 2013, plaintiff filed suit and alleged that defendants refused to approve and administer testosterone injections that he had been prescribed prior to his incarceration at SRCI. Plaintiff further alleged that Dr. Elliott-Blakeslee advised him that he could not receive testosterone injections unless he had Klinefelter's Disease, pursuant to ODOC policy. Plaintiff also alleged that defendants provided inadequate treatment for his back condition. (ECF No. 2)

On March 10, 2014, defendants moved to dismiss plaintiff's claims because he failed to exhaust his administrative remedies before filing his complaint. (ECF Nos. 55, 56) On March 2, 2015, the court granted defendants' motion, construed as a motion for summary judgment. (ECF No. 87)

Plaintiff appealed the court's ruling and the Ninth Circuit vacated the dismissal, finding that the court had not "expressly" considered evidence that plaintiff was not provided with "instructions on how to file an appeal, that he did not have access to the necessary forms, or that he had been informed by a prison official that he could appeal his grievances." (ECF No. 112)

On May 4, 2017, after remand of the case, the court issued a scheduling order and dispositive motion deadline. Defendants now move for summary judgment.

## DISCUSSION

Defendants first move for summary judgment on plaintiff's claims alleged against them in their official capacities.

---

[1] In his response to defendants' motion, plaintiff indicates that he does not oppose dismissal of his claims against defendant Renee Smith. Pl.'s Response at 8 (ECF No. 125).

2 — OPINION AND ORDER

The Eleventh Amendment to the United States Constitution prohibits a plaintiff from suing the State of Oregon or its instrumentalities in federal court, unless the State has given unequivocal consent to be sued or Congress has abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies.") (per curiam). Likewise, the Eleventh Amendment bars claims for damages against state officials sued in their official capacities. *See Holley v. Cal. Dep't of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010) (for immunity purposes, suits against state officials in their official capacities are treated as suits against the state). Accordingly, summary judgment is granted on plaintiff's claims for damages against defendants in their official capacities.[2]

Next, defendants Peters, Shelton, Bell, and Taylor move for summary judgment on grounds that they were not personally involved in the decisions regarding plaintiff's medical treatment. Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In other words, plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

---

[2] While a plaintiff may assert claims for injunctive relief against officials in their official capacities, plaintiff has been released from SRCI and his claims for injunctive relief are moot. *Will*, 491 U.S. at 71, n.10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'") (citation omitted); *Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

3 — OPINION AND ORDER

Plaintiff presents insufficient evidence that Peters, Bell, or Taylor personally participated in the alleged denial of medical care. Plaintiff's claims against Peters and Bell are based solely on their inherent supervisory authority as ODOC Director and SRCI Assistant Superintendent. It is well established that respondeat superior liability is not available under § 1983, and the facts do not establish a causal connection between their alleged conduct and plaintiff's medical care. *Lemire v. Cal. Dep't Corr. & Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's claims against Taylor are based on his handling of plaintiff's grievances. However, plaintiff alleges inadequate medical care, and plaintiff does not allege or present evidence that Taylor personally participated in the denial of testosterone medication or the treatment of his back.

Plaintiff presents sufficient evidence that Dr. Shelton personally participated in the denial of plaintiff's requests for testosterone medication and additional back treatment. Unlike defendant Peters, Dr. Shelton did not simply receive a letter or communications from plaintiff; he personally responded to plaintiff and affirmed the denial of testosterone medication and additional treatment for plaintiff's back. Pl.'s Response, Exs. 5-7, 12, 29-31 (ECF No. 125). Presumably, Dr. Shelton, as Medical Director, could have ordered plaintiff to receive testosterone medication or other care.[3] Accordingly, summary judgment is granted with respect to plaintiff's claims against Peter, Taylor, and Bell and denied with respect to Dr. Shelton.

Finally, defendants argue that plaintiff's claims against Dr. Elliott-Blakeslee must be dismissed because plaintiff did not substitute her estate as a defendant after he was notified of her death. *See* Fed. R. Civ. P. 25(a)(1) (if a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be

---

[3] These findings should not be construed as a comment on the merits of plaintiff's deliberate indifference claims.

4 — OPINION AND ORDER

dismissed"). Notably, the ODOC defendants did not waive service or file an Answer on behalf of Dr. Elliott-Blakeslee, as she died shortly after plaintiff filed suit. (ECF Nos. 19, 123) Further, plaintiff filed a notice of Dr. Elliott-Blakeslee's death in December 2013, and he did not move to substitute her estate as a defendant. (ECF No. 21)

Granted, plaintiff asked for assistance and the appointment of counsel, and the court made several unsuccessful efforts to obtain volunteer counsel. Regardless, plaintiff has been capable of filing numerous motions during this lawsuit and was well aware of Dr. Elliott-Blakeslee's death and Federal Rule of Civil Procedure 25(a). Accordingly, plaintiff's claims against Dr. Elliott-Blakeslee must be dismissed for failure to substitute her estate as a defendant. *Olney v. Hartwig*, 472 Fed. App'x 432, 434 (9th Cir. 2012) (finding that the district court "properly dismissed" a prisoner's claims against a deceased state official when "no party filed a valid motion to substitute his successor within 90 days of the filing of the suggestion of death").

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 122) is GRANTED with respect to defendants Peters, Bell, Taylor, Smith, and Dr. Elliott-Blakeslee and DENIED with respect to defendant Dr. Shelton. All further discovery and dispositive motions are due by December 15, 2017.

IT IS SO ORDERED.

DATED this 17 day of October, 2017.

_____
Ann Aiken
United States District Judge